**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL CANTIN,<br>          Appellant, | DOCKET NUMBER<br>SF-315H-16-0447-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>          Agency. | DATE: January 6, 2017 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Stephen J. Matcha, Esquire, San Diego, California, for the appellant.

Deana R. Jaeger, Esquire, and Traci Williams Jones, Esquire,
    San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed his probationary termination for pre-appointment reasons.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency terminated the appellant from his competitive-service position as a WG-9 Pest Controller during his probationary period because he lacked the ability, license, and experience to safely carry out the full range of duties he was hired to accomplish. Initial Appeal File (IAF), Tab 5 at 10. The appellant appealed his probationary termination to the Board. IAF, Tab 1. After notifying the appellant of his burden of proof and holding the requested hearing, the administrative judge affirmed the agency's action, finding that, even though the agency terminated the appellant for pre-appointment reasons and failed to provide him the procedural protections set forth in 5 C.F.R. § 315.805, such error was not harmful. IAF, Tab 20, Initial Decision (ID). The appellant has filed a petition for review challenging the administrative judge's determination that the agency's error was not harmful, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

¶3 When an agency intends to terminate a probationary employee for reasons based in whole or in part on conditions arising before his appointment, it must provide him advanced written notice of the reasons for the proposed action, a reasonable opportunity to submit a written response, and written notice of the

agency's decision. 5 C.F.R. § 315.805. "A probationer whose termination is subject to § 315.805 may appeal on the ground that his termination was not effected in accordance with the procedural requirements of that section." 5 C.F.R. § 315.806(c). In such appeals, the merits of the agency's termination decision are not before the Board. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). Rather, the only issue is whether the agency's failure to follow the procedures prescribed in section 315.805 was harmful error. *Id.* If there was harmful error, then the agency's action must be set aside. *Id.* Harmful error cannot be presumed; an agency error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 14; 5 C.F.R. § 1201.4(r).

¶4        Here, the administrative judge relied, in part, on the deciding official's hearing testimony that the appellant was not qualified to perform the duties of his position and that he would have terminated the appellant on this basis even if he had received a response to the proposed action containing all of the appellant's arguments raised on appeal. ID at 7. On review, the appellant argues that the agency harmed him through its negligent hiring practice and that, if he had been given an opportunity to respond to the termination action, he would have proposed that the agency downgrade his position until he received the proper training and certification. PFR File, Tab 1 at 4-5. These arguments, however, even if true, provide no basis to disturb the administrative judge's well-reasoned conclusion that the appellant failed to show harmful error in connection with the agency's failure to provide him the procedural protections of section 315.805. ID at 5-8.

¶5        The appellant also seeks to submit new evidence on review; namely, a copy of the Department of Defense Manual pertaining to the Pest Management Training and Certification Program. PFR File, Tab 1 at 7-42. We will not consider the appellant's new evidence submitted for the first time on review,

however, because he has failed to show that it is new or material. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). In any event, we fail to discern how the document shows harmful error in the agency's action or otherwise affects the outcome of this appeal.

¶6      After fully considering the filings in this appeal, we conclude that there is no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affects the outcome. 5 C.F.R. § 1201.115(d). Therefore, we DENY the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012).  You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.